IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| LISA A. ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 118-064 |
| | ) | |
| NANCY A. BERRYHILL, Deputy | ) | |
| Commissioner for Operations of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff filed the above-captioned social security appeal *pro se* on April 5, 2018, and was granted permission to proceed *in forma pauperis*. (Doc. nos. 1, 2, 3.) Thereafter, the Commissioner filed her answer and submitted the transcript of the administrative proceedings. (Doc. nos. 8, 9.) On August 1, 2018, the Court issued a Briefing Order in which Plaintiff was directed to "serve and file a brief setting forth all errors which Plaintiff contends entitle her to relief" within 30 days. (Doc. no. 10, p. 1.) When Plaintiff failed to file her brief by the stated deadline, the Court entered an Order on September 4, 2018, directing Plaintiff to show cause within 14 days why her case should not be dismissed for failure to prosecute. (Doc. no. 11.) Plaintiff did not respond to the show cause order; nor has she filed her brief, explained her failure to do so, or communicated with the Court in any way.

A district court has authority to manage its docket to expeditiously resolve cases, and

this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.  Equity Lifestyle Props., Inc. v. Florida Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Alabama Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets.").  Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness."  Loc. R. 41.1(c).  Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned."  Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court").

Here, Plaintiff's failure to file her brief, respond to the show cause order, or communicate with the Court amounts not only to a failure to prosecute, but also an abandonment of her case.  This is precisely the type of neglect contemplated by the Local Rules.  Furthermore, because Plaintiff is proceeding IFP, the Court finds the imposition of monetary sanctions is not a feasible sanction.

While the dismissal entered here is without prejudice,[1] Plaintiff should consider that the practical effect of dismissal may be with prejudice.  This is because a claimant must commence a civil action seeking review of a final decision of the Acting Commissioner of Social Security "within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."  42 U.S.C. § 405(g).  This sixty-day deadline, however, "is not jurisdictional, but is a statute of limitations which is waivable by the parties and subject to the doctrine of equitable tolling." Scott v. Colvin, Civ. A. No. 13-0106, 2013 WL 2452313, at *2 n.2 (S.D. Ala. June 5, 2013) (citing Bowen v. City of New York, 476 U.S. 467, 478-80 (1986)).  Nevertheless, the law is clear that the mere fact a complaint is dismissed without prejudice does not permit a plaintiff to later file a complaint outside the statute of limitations.  Christides v. Commissioner of Soc. Sec., 478 F. App'x 581, 584 (11th Cir. 2012) (citing Bost v. Federal Express Corp., 372 F. 3d 1233, 1242 (11th Cir. 2004).)

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice under Loc. R. 41.1 due to Plaintiff's failure to prosecute this action and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 24th day of September, 2018, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1]Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits.  See Fed. R. Civ. P. 41(b).